# EXHIBIT 3

# AGREEMENT BETWEEN JOHN M. QUINN, ESQ. AND THE LAW OFFICE OF JOHN M. QUINN, PLLC, AND KREINDLER & KREINDLER LLP

The parties hereto acknowledge the agreement dated July 10, 2014 and annexed hereto as Exhibit "A" (henceforth the "Earlier Agreement") as the heretofore sole and governing agreement between John M. Quinn, Esq. (and his Law Office of John M. Quinn, PLLC) (hereafter collectively "Quinn") and Kreindler & Kreindler LLP (hereafter "K&K) relating to services rendered and to be rendered by Quinn to K&K in support of the representation by K&K of approximately 2000 clients who are plaintiffs in litigation whose claims were filed as of the Earlier Agreement (hereinafter the "Clients") in the Southern District of New York asserting wrongful death and personal injury causes of action relating to or arising out of the terrorist attacks that occurred on September 11, 2001 in New York, New York, Arlington, Virginia and Shanksville, Pennsylvania (hereafter "the litigation").

This binding Agreement, effective nunc pro tunc, January 1, 2017, extinguishes, supersedes and replaces, as set forth below, any and all prior agreements or understandings, whether in writing or otherwise, including but not limited to those dated in July, 2013 and the Earlier Agreement. This Agreement shall henceforth be the sole basis of any obligation by K&K to Quinn and the Law Office of John M. Quinn, PLLC arising in any connection with the litigation or the resolution of it. Modification of this Agreement, to be binding, may only be done in writing. A separate agreement also extinguishes, supersedes and modifies the Earlier Agreement with Nelson, Mullins, Riley & Scarborough, LLP and Robert Crowe, Esq.

Quinn will continue to serve as counsel to and advise K&K and Kreindler as requested or as Quinn deems advisable relating to the preservation of (or changes proposed to) the Justice Against Sponsors of Terrorism Act ("JASTA") and efforts to accomplish reasonable settlement or other resolution of the litigation. Quinn and the Law Office of John M. Quinn, PLLC will specifically provide a sustained effort, using and adhering to legal precedent, statutory requirements and lawful and appropriate government procedure to accomplish and make effective such advocacy and the expeditious and fair resolution of the subject claims. Quinn's important contribution to date to the litigation and to the enactment of JASTA is hereby acknowledged.

As compensation for his sustained effort in assisting and advising K&K and Kreindler, K&K agrees to pay to Quinn a fee of 0.775 percent (seventy-seven and one half basis points) of the net recovery on each decedent's wrongful death and each personal injury claim with respect to which K&K receives a fee, whether by judgment, settlement or otherwise, for its representation of the Clients on whose behalf it filed cases in the litigation as of the date of the Earlier Agreement.

The term "net recovery" shall mean the amount realized by each client less out-of-pocket costs to K&K and exclusive of legal fees paid to K&K. In the event the eventual attorneys' fees are reduced from the fees set forth in the K&K retainer agreements with K&K clients, then the

Quinn fee shall be reduced in the same proportion represented by any reduction in the K&K fee.

Accepted and agreed to by:

_____
Kreindler & Kreindler LLP

By: James P. Kreindler, Esq.

Date: 5-19-17

_____
John M. Quinn, Esq. and
Law Office of John M. Quinn, PLLC

By: John M. Quinn, Esq.

Date: 05/19/2017

EXHIBIT "A"



## AMENDMENT TO THE AGREEMENT BETWEEN KREINDLER & KREINDLER LLP, NELSON MULLINS RILEY & SCARBOROUGH LLP AND JOHN M. QUINN, ESQ. DATED JULY 9, 2014

As compensation for their efforts in assisting Kreindler & Kreindler LLP in obtaining a recovery for the 9/11 victims and their families, Kreindler & Kreindler LLP agrees to pay Nelson Mullins Riley & Scarborough LLP ("Nelson Mullins") and John M. Quinn, Esq. a combined fee of one percent of the net recovery on each decedent's wrongful death case and each personal injury case where Kreindler & Kreindler LLP has or receives a fee in the consolidated 9/11 Terrorist Litigation. The term "net recovery" shall mean the amount awarded to each plaintiff of Kreindler & Kreindler LLP less out-of-pocket costs to Kreindler & Kreindler LLP, exclusive of legal fees paid to Kreindler & Kreindler LLP or others. The Nelson Mullins and Quinn one percent fee shall be paid from the attorneys' fees in all said cases where Kreindler & Kreindler LLP has or receives a fee. In the event that the eventual attorneys' fees received are reduced from the attorneys' fees specified in the retainer agreements executed by the Kreindler & Kreindler LLP clients, then the Nelson Mullins and Quinn one percent fee shall be proportionally reduced in accordance with any reduction in Kreindler & Kreindler fees.

Nothing in this Agreement shall prohibit Quinn, on his own account, from engaging the services of others to assist him, but payment for any such engagement shall be the responsibility only of Quinn. QGA Public Affairs hereby relinquishes any and all rights to fees established in all prior Agreements between these parties.

_____
James P. Kreindler, Esq.
Kreindler & Kreindler LLP
Date:

_____
John M. Quinn, Esq.
Date: 07/10/2014

_____
Robert Crowe, Esq.
Nelson Mullins Riley & Scarborough LLP
Date: 7/10/2014

_____
QGA Public Affairs
Name: JOHN FEEHERY
Date: 7/10/2014