UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| John M. Quinn,<br><br>       Plaintiff,<br><br>   - against -<br><br>Kreindler & Kreindler, *et al.*<br><br>       Defendant. | Civil Action No.21-1824 (RDM)<br><br>**ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**JURY DEMANDED** |

The Defendants Kreindler & Kreindler and James P. Kreindler ("Defendants"), in answer to the Amended Complaint of Plaintiff John M. Quinn ('Plaintiff"), hereby state as follows:

### SUMMARY

1.  Defendants deny the allegations of ¶1.

2.  Defendants deny the allegations of ¶2.

3.  Defendants deny the allegations of ¶3.

4.  No response is required to the allegations of ¶4 which appear to summarize the nature of Plaintiff's claims. To the extent a response required, Defendants deny the allegations contained therein.

5.  No response is required to the allegations of ¶5 which appear to further summarize the nature of Plaintiff's claims. To the extent a response required, Defendants deny the allegations contained therein.

6.  No response is required to the allegations of ¶6 which appear to further summarize the nature of Plaintiff's claims. To the extent a response required, Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

7.      Defendants admit that subject matter jurisdiction exists.

8.      Defendants admit that venue is proper in this District.

9.      Paragraph 9 contains legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations of ¶9.

## PARTIES

10.      Defendants deny the allegations of ¶10 but admit that Quinn is the plaintiff in this matter.

11.      Defendants admit the allegations of ¶11.

12.      Defendants admit the allegations of ¶12.

## FACTS

### I.      THE 9/11 ATTACKS

13.      Defendants admit the factual allegations, but deny any characterization or subjective descriptions contained in ¶13.

14.      Defendants admit the allegations of ¶14.

15.      Defendants deny the allegations of ¶15.

### II.      THE 9/11 FAMILIES FACED LEGAL BARRIERS IN BRINGING CDIVIL SUITS AGAINST TERRORISTS

16.      Defendants deny the allegations of ¶16.

17.      Defendants deny the allegations of ¶17 except to state that the doctrine of sovereign immunity limits lawsuits against foreign nations and agencies of foreign governments in U.S. and that KSA had not been declared a state sponsor of terrorism.

18.      Defendants deny the allegations of ¶18.

19.      Defendants deny the allegations of ¶19.

### III.     HISTORY OF THE PARTIES' RELATIONSHIPS AND THEIR BINDING CONTRACTS

20.     Defendants deny the allegations of ¶20, except to state that plaintiff Quinn did support defendants' efforts to negotiate and effectuate the complex and non-traditional resolution with the government of Libya regarding the terrorist bombing of Pan Am flight 103 of Lockerbie Scotland.

21.     Defendants deny the allegations of ¶21.

22.     Defendants deny the allegations of ¶22 and state that any agreements speak for themselves.

23.     Defendants deny the allegations of ¶23.

24.     Defendants deny the allegations of ¶24 and state that any agreements speak for themselves.

25.     Defendants deny the allegations of ¶25 and state that any agreements speak for themselves.

26.     Defendants deny the allegations of ¶26 and state that any agreements speak for themselves.

27.     Defendants deny the allegations of ¶27 and state that any agreements speak for themselves.

28.     Defendants deny the allegations of ¶28 and state that any agreements speak for themselves.

29.     Defendants deny the allegations of ¶29 and state that any agreements speak for themselves.

30.     Defendants deny the allegations of ¶30 and state that any agreements speak for themselves.

31.     Defendants deny the allegations of ¶31 and state that any agreements speak for themselves.

32.     Defendants deny the allegations of ¶32 and state that any agreements speak for themselves.

33.     Defendants deny the allegations of ¶33 and state that any agreements speak for themselves.

34.     Defendants deny the allegations of ¶34 and state that any agreements speak for themselves.

35.     Defendants deny the allegations of ¶35 and state that any agreements speak for themselves.

36.     Defendants deny the allegations of ¶36, except to state that defendant James Kreindler is primarily responsible for any relationships that could entitle Plaintiff to any compensation in connection with the 9/11 Terrorist Attacks.

37.     Defendants deny the allegations of ¶37.

38.     Defendants deny the allegations of ¶38.

## IV.     QUINN WORKED TO FACILITATE PASSAGE OF THE JUSTICE AGAINST STATE SPONSORS OF TERRORISM ACT (JASTA), AMONG OTHER LABORS

39.     Defendants deny the allegations of ¶39 and state that any agreements speak for themselves.

40.     Defendants deny the allegations of ¶40.

41.     Defendants deny the allegations of ¶41 and state that any agreements speak for themselves.

42.     Defendants deny the allegations of ¶42.

43.     Defendants deny the allegations of ¶43 and state that any agreements speak for themselves.

44.     Defendants lack sufficient knowledge to either admit or deny the allegations of ¶44, except to deny the allegations that plaintiff Quinn performed any services in the last half of 2020 pursuant to any agreement with Defendants.

45.     Defendants deny the allegations of ¶45.

46.     Defendants deny the allegations of ¶46.

47.     Defendants deny the allegations of ¶47.

48.     Defendants deny the allegations of ¶48.

49.     Defendants deny the allegations of ¶49.

50.     Defendants deny the allegations of ¶50.

## V.     PLAINTIFFS IN THE SDNY LITIGATION HAVE RECEIVED LIABILITY AND DAMAGES JUDGMENTS

51.     No response is required to ¶51 because the public record, including the docket in the SDNY, speaks for itself.

52.     No response is required to ¶52 because the public record, including the docket in the SDNY, speaks for itself.

53.     No response is required to ¶53 because the public record, including the docket in the SDNY, speaks for itself.

54.     No response is required to ¶54 because the public record, including the docket in the SDNY, speaks for itself.

55.     No response is required to ¶55 because the public record, including the docket in the SDNY, speaks for itself.

56.     No response is required to ¶56 because the public record, including the docket in the SDNY, speaks for itself.

57.     No response is required to ¶57 because the public record, including the docket in the SDNY, speaks for itself.

58.     Defendants admit the allegations of ¶58 that pertain to the Ashton Complaint and the Betru Complaint, but otherwise deny the allegations contained in ¶58.

59.     No response is required to ¶59 because the public record, including the docket in the SDNY, speaks for itself.

60.     No response is required to ¶60 because the public record, including the docket in the SDNY, speaks for itself.

61.     No response is required to ¶61 because the public record, including the docket in the SDNY, speaks for itself.

62.     No response is required to ¶62 because the public record, including the docket in the SDNY, speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

63.     No response is required to ¶63 because the public record, including the docket in the SDNY, speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

64.     No response is required to ¶64 because the public record, including the docket in the SDNY, speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

65.     No response is required to ¶65 because the public record, including the docket in the SDNY, speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

66.     No response is required to ¶66 because the public record, including the docket in the SDNY, speaks for itself.

67.     No response is required to ¶67 because the public record, including the docket in the SDNY, speaks for itself.

68.     No response is required to ¶68 because the public record, including the docket in the SDNY, speaks for itself.  To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

69.     No response is required to ¶55 because the public record, including the docket in the SDNY, speaks for itself.  To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

## VI.     THE SEPTEMBER 11TH VICTIM COMPENSATION FUND PROVIDES COMPENSATION REALTED TO THE 9/11 ATTACKS

70.     No response is required to ¶70 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

71.     No response is required to ¶71 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

72.     No response is required to ¶72 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

73.     No response is required to ¶73 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

74.     No response is required to ¶74 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

75.     No response is required to ¶75 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

76.     No response is required to ¶76 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

77.     No response is required to ¶77 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

78.     No response is required to ¶78 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

79.     Defendants admit the allegations of ¶79.

### VII.   THE VICTIMS OF STATE SPONSORED TERRORISM FUND PROVIDES A FUNDING MECHANISM TO SATISFY DISTRICT COURT JUDGMENTS

80.     No response is required to ¶80 to the extent it purports to characterize public matters which speak for themselves. Defendants deny that plaintiff Quinn jointly represents any of K&K's clients.

8

81.     No response is required to ¶81 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

82.     No response is required to the portions of ¶82 that seeks to characterize the public record, because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters. Defendants deny any factual allegations made in ¶82.

83.     No response is required to ¶83 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

84.     No response is required to ¶84 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

85.     No response is required to ¶785because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

86.     No response is required to ¶86 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

87.     No response is required to ¶87 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

88.     No response is required to ¶88 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

89.     No response is required to ¶89 because the public record speaks for itself. To the extent any response is required, Defendants deny Plaintiff's characterization of these public matters.

90.     Defendants admit the allegations of ¶90.

**VIII.   K&K TOUTS THE SUBSTANTIAL RECOVERIES IT HAS ACHIEVED FOR NUMEROUS CLIENTS FROM BOTH THE VSSTF AND THE VCF**

91.     Defendants deny the allegations of ¶91 as written.

92.     Defendants deny the allegations of ¶92 as written.

93.     Defendants deny the allegations of ¶93 as written.

**IX.    K&K OWES FEES TO QUINN FOR CLIENT RECOVERIES THROUGH AT LEAST THE VST AND VCCF.**

94.     Defendants deny the allegations of ¶94.

95.     Defendants deny the allegations of ¶95 as written, but admit that no payments have been made because none are due or owing.

96.     Defendants deny the allegations of ¶96 as written.

97.     Defendants deny the factual allegations of ¶97 and no response is required to any portion of ¶97 that purports to be a legal conclusion.

98.     No response is required to ¶98 because it purports to be a legal conclusion.

**COUNT I**
**BREACH OF CONTRACT – 2013/2014 AGREEMENTS**

99.     Defendant incorporates by reference the responses contained in ¶¶1-98 as if fully stated herein.

100.    No response is required to ¶100 because it purports to be a legal conclusion.

101.    Defendants deny the allegations of ¶101.

102.    Defendants deny the allegations of ¶102.

103.    Defendants deny the allegations of ¶103

104.    Defendants admit the allegations of ¶104.

105.    No response is required to the allegations of ¶105 because ¶105 purports to characterize public matters and legal conclusions.

106.    Defendants deny the allegations of ¶106, as written and to the extent rests on legal conclusions for which no response is required.

107.    Defendants deny the allegations of ¶107, as written and to the extent rests on legal conclusions for which no response is required.

108.    Defendants deny the allegations of ¶108, as written and to the extent rests on legal conclusions for which no response is required.

109.    Defendants deny the allegations of ¶109, as written and to the extent rests on legal conclusions for which no response is required.

110.    Defendants deny the allegations of ¶110, as written and to the extent rests on legal conclusions for which no response is required.

111.    Defendants deny the allegations of ¶111, as written and to the extent rests on legal conclusions for which no response is required.

112.    Defendants deny the allegations of ¶112.

113.    Paragraph 113 rests on legal conclusions for which no response is required.

## COUNT II
## BREACH OF CONTRACT – 2017 AGREEMENTS

114.    Defendants incorporate by reference all responses to ¶¶1-113 as if fully set forth herein.

115.    Paragraph 115 contains legal conclusions for which no response is required.

116.    Paragraph 116 contains legal conclusions for which no response is required.

117.    Paragraph 117 contains legal conclusions for which no response is required.

118.    Paragraph 118 contains legal conclusions for which no response is required and further deny any factual allegations contained in ¶118

119.    Paragraph 119 contains legal conclusions for which no response is required

120.    Defendants admit the allegations of ¶120.

121.    Paragraph 121 contains legal conclusions for which no response is required.

122.    Paragraph 122 contains legal conclusions for which no response is required.

123.    Paragraph 123 contains legal conclusions for which no response is required.

124.    Paragraph 124 requires no response because the Agreements speak for themselves.

125.    Paragraph 125 contains legal conclusions for which no response is required.

126.    Paragraph 126 contains legal conclusions for which no response is required.

127.    Paragraph 127 contains legal conclusions for which no response is required.

128.    Paragraph 128 contains legal conclusions for which no response is required.

129.    Paragraph 129 contains legal conclusions for which no response is required.

130.    Paragraph 130 contains legal conclusions for which no response is required.

131.    Paragraph 131 contains legal conclusions for which no response is required.

## COUNT III
## BREACH OF THE DUTY OF GOOD FIATH AND FAIR DEALING

132.    Defendants incorporate the responses to the allegations to ¶¶1-131 as if fully set forth herein.

133.    Paragraph 133 contains legal conclusions for which no response is required.

134.    Paragraph 134 contains legal conclusions for which no response is required.

135.    Paragraph 135 contains legal conclusions for which no response is required.

136.    Paragraph 136 contains legal conclusions for which no response is required.

137.    Paragraph 137 contains legal conclusions for which no response is required.

138.    Paragraph 138 contains legal conclusions for which no response is required.

139.    Paragraph 139 contains legal conclusions for which no response is required.

140.    Paragraph 140 contains legal conclusions for which no response is required.

## COUNT IV
## ACCOUNTING

141.    No response is required to ¶141 because Count IV – ACCOUNTING has been dismissed.

142.    No response is required to ¶142 because Count IV – ACCOUNTING has been dismissed.

143.    No response is required to ¶143 because Count IV – ACCOUNTING has been dismissed.

144.    No response is required to ¶144 because Count IV – ACCOUNTING has been dismissed.

145.    No response is required to ¶145 because Count IV – ACCOUNTING has been dismissed.

146.     No response is required to ¶146 because Count IV – ACCOUNTING has been

dismissed.

147.     No response is required to ¶147 because Count IV – ACCOUNTING has been

dismissed.

148.     No response is required to ¶148 because Count IV – ACCOUNTING has been

dismissed.

149.     No response is required to ¶149 because Count IV – ACCOUNTING has been

dismissed.

150.     No response is required to ¶150 because Count IV – ACCOUNTING has been

dismissed.

151.     No response is required to ¶151 because Count IV – ACCOUNTING has been

dismissed.

## COUNT V
## QUANTUM MERUIT

152.     Defendants incorporate by reference the responses to ¶¶1-151 as though fully set

forth herein.

153.     Paragraph 153 contains legal conclusions for which no response is required and

deny any factual allegations, to the extent contained therein.

154.     Paragraph 154 contains legal conclusions for which no response is required and

deny any factual allegations, to the extent contained therein.

155.     Paragraph 155 contains legal conclusions for which no response is required and

deny any factual allegations, to the extent contained therein.

156.     Paragraph 156 contains legal conclusions for which no response is required and

deny any factual allegations, to the extent contained therein.

157.    Paragraph 157 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

158.    Paragraph 158 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

159.    Paragraph 159 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

160.    Paragraph 160 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

161.    Paragraph 161 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

162.    Paragraph 162 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

163.    Paragraph 163 contains legal conclusions for which no response is required and deny any factual allegations, to the extent contained therein.

## COUNT VI
## CONSTRUCTIVE TRUST

164.    No response is required to ¶164 because Count VI – CONSTRUCTIVE TRUST has been dismissed.

165.    No response is required to ¶165 because Count VI – CONSTRUCTIVE TRUST has been dismissed.

166.    No response is required to ¶166 because Count VI – CONSTRUCTIVE TRUST has been dismissed.

167.    No response is required to ¶167 because Count VI – CONSTRUCTIVE TRUST has been dismissed.

168.     No response is required to ¶168 because Count VI – CONSTRUCTIVE TRUST

has been dismissed.

169.     No response is required to ¶169 because Count VI – CONSTRUCTIVE TRUST

has been dismissed.

170.     No response is required to ¶170 because Count VI – CONSTRUCTIVE TRUST

has been dismissed.

171.     No response is required to ¶171 because Count VI – CONSTRUCTIVE TRUST

has been dismissed.

172.     No response is required to ¶172 because Count VI – CONSTRUCTIVE TRUST

has been dismissed.

173.     No response is required to ¶173 because Count VI – CONSTRUCTIVE TRUST

has been dismissed.

**WHEREFORE CLAUSE**

Defendants deny the allegations contained in the Wherefore Clause and otherwise deny

that Plaintiff is entitled to any relief requested in the Amended Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel,

and/or laches.

### THIRD AFFIRMATIVE DEFENSE

To the extent any enforceable contract exists between the Plaintiff and Defendants,

Plaintiff's claims are barred in whole or in part because plaintiff has materially breached any

such contract.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or

*in pari delecto,* or otherwise as a result of inequitable or wrongful conduct by the plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

The Agreements fail or are otherwise are unenforceable because one or all of them are

void for vagueness, indefiniteness, lack of material terms, lack of a meeting of the minds.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction

or of novation.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith toward Plaintiff, with the reasonable

belief that its actions complied with the law, and at no time willfully violated any contract or any

laws applicable to Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Agreements were induced by

fraud.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of mistake or of impossibility.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because as pled, the Agreements are illegal or contrary to public policy.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because, to the extent any valid or enforceable contract exists, Plaintiff has anticipatorily repudiated some or all of the Agreements, or otherwise resigned or canceled the Agreements.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because plaintiff has breached the covenant of good faith and fair dealing.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they are premature and no obligation on the part of defendants has come due.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not sustained any legally cognizable damages or injuries by virtue of any matter alleged in the Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The relief requested by Plaintiff would constitute unjust enrichment.

**WHEREFORE**, Defendants Kreindler & Kreindler and James P. Kreindler, by and through their undersigned attorneys, respectfully request that the Court deny all relief requested by Plaintiff and enter judgement in favor of Defendants on all of Plaintiff's claims and that Defendants be awarded its attorneys' fees, costs and disbursements of this action and such other and further relief which this Court deems just, proper and equitable.

## JURY DEMAND

Defendants Kreindler & Kreindler and James P. Kreindler hereby demand a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**Dated: March 17, 2023**

**Respectfully Submitted by**

**STINSON LLP**

/s/ Brandon R. Nagy
Eric Liebeler (DC Bar No.: 1049148)
Brandon R. Nagy (DC Bar No.: 1024717)
1775 Pennsylvania Ave., NW Suite 800
Washington, D.C. 20006
Tel.: (202) 785-9100
Fax: (202) 572-9973
Email: eric.liebeler@stinson.com
brandon.nagy@stinson.com

Emily Bab Kirsch (*pro hac vice*)
**KIRSCH & NIEHAUS, PLLC**
950 Third Avenue, Suite 1900
New York, NY 10022
Tel: (646) 415-7530
Email: Emily.kirsch@kirschniehaus.com

*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 17, 2023, the foregoing was electronically filed and served

upon on all counsel of record.

/s/ Brandon R. Nagy
Brandon R. Nagy