IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN MICHAEL QUINN, ) | |
| ) | |
| *Plaintiff,* ) | Case No. 1:21-cv-01824-PDM |
| ) | |
| v. ) | |
| ) | |
| KRIENDLER & KRIENDLER LLP, *et al.* ) | Date:   April 12, 2023 |
| ) | |
| *Defendants.* ) | |
| ) | |

## [PROPOSED] SCHEDULING ORDER

Defendant joins in proposing the below schedule in light of the Court's guidelines regarding discovery schedules. However, given Plaintiff's description of the extensive financial and confidential discovery he expects to require, which will necessitate motion practice and cumbersome protective procedures, Defendant does not believe this schedule is realistic absent bifurcation. Plaintiff, on the other hand, believes that bifurcation would be ineffective and inappropriate as breach and damages issues are intertwined.

It is hereby **ORDERED** that the parties shall adhere to the following deadlines:

| | |
|---|---|
| Deadline to Exchange Initial Disclosures | May 20, 2023 |
| Deadline to Add Parties | July 20, 2023 |
| Deadline to Amend Pleadings | July 20, 2023 |
| End of Discovery | January 31, 2024 |
| Plaintiff's Rule 26(a)(2) Expert Disclosures | February 7, 2024 |
| Defendant's Rule 26(a)(2) Expert Disclosures | March 6, 2024 |
| Close of Expert Discovery [Rebuttals and depositions] | April 6, 2024 |
| Parties' Motions for Summary Judgment due | April 29, 2024 |

| | |
|---|---|
| Parties' Oppositions due. | May 29, 2024 |
| Replies due | June 20, 2024 |
| Pretrial Conference | September 27, 2024 |

## ADDITIONAL MATTERS DISCUSSED BY THE PARTIES PURSUANT TO LR 16.3(c):

Pursuant to Local Rule 16.3(c), the parties outline their agreements reached with respect to the 14 matters outlined in this rule, as well as the matters to which they disagree.

1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the Court that discovery or other matters should await a decision on the motion.

    **Plaintiff's position is that it is unlikely that this case will be decided on motions practice in light of the Court's ruling on the Motion to Dismiss.**

    **Defendant believes that this case may be resolved on summary judgment.**

2. The date by which any other parties shall be joined, or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

    **As reflected above, the parties agree that a party can be joined or pleadings be amended within 60 days from the status conference (*i.e.*, July 20, 2023).**

3. Whether the case should be assigned to a magistrate judge for all purposes, including trial.

    **At this time, the parties do not consent to the assignment of this case to a magistrate judge. However, the parties respectfully request that they be given the opportunity to change their position on this issue at a later juncture.**

4. Whether there is a realistic possibility of settling the case.

    **As noted in Matter #3 above, Plaintiff believes that some discovery is first needed, including but not limited to an accounting, but is open to settling the case.**

    **Defendant is also open to settlement and is willing to provide certain targeted information in order to facilitate settlement prior to discovery.**

5. Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above, counsel shall consider:

(i) the client's goals in bringing or defending the litigation;
(ii) whether settlement talks have already occurred and, if so, why they did not produce an agreement;
(iii) the point during the litigation when ADR would be most appropriate, with special consideration given to:
(aa) whether ADR should take place after the informal exchange or production through discovery of specific items of information; and
(bb) whether ADR should take place before or after the judicial resolution of key legal issues;
(iv) whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding the focus of discovery, the legal merits of the claim, an assessment of damages and/or the potential settlement value of the case; and
(v) whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.

**The parties are open to ADR options.**

**Plaintiff believes that it would first need to conduct discovery, as noted above.**

**Defendant is prepared to engage in ADR immediately and is willing to provide certain targeted relevant information to facilitate such a process.**

**If at any point the parties desire to engage in mediation, with a Magistrate Judge or through the Mediation Program of the Circuit Executive's Office, the parties shall file a joint motion captioned "Joint Motion for Mediation."**

6. Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

**In light of the Motion to Dismiss ruling and prior briefs, Plaintiff does not believe that this case is likely to be resolved by summary judgment.**

**Defendant believes that this case is appropriately resolved on summary judgment.**

**In any event, the parties have agreed to the dates for filing any such summary judgment briefings as outlined in the above schedule.**

7. Whether the parties should stipulate to dispense with the initial disclosures required by Fed. R. Civ. P. 26(a)(1), and if not, what if any changes should be made in the scope, form or timing of those disclosures.

**The parties do not stipulate to dispensing with the initial disclosures required by FRCP 26(a)(1).**

3

8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

**Plaintiff anticipates extensive discovery, including that involving financial information and electronic information, that will include extensive depositions, written discovery and the need for possible experts. Plaintiff will be seeking document production in native format. Plaintiff anticipates discovery will take 6 months to conduct. Plaintiff further anticipates the need for a protective order to be issued by the Court.**

**Defendants anticipate discovery into the meaning, scope and understanding, if any, of the parties with respect to plaintiff's role engaging in lobbying efforts in connection with the passage of JASTA in 2016. The expansive, extensive and complex discovery described by plaintiff applies to damages; as explained below, this case would be most efficiently handled if liability and damages discovery are bifurcated. Defendants also anticipate the need for a protective order to be issued by the Court, including an Attorneys' Eyes Only Provision.**

9. Whether the requirement of exchange of expert witness reports and information pursuant to Fed. R. Civ. P. 26(a)(2), should be modified, and whether and when depositions of experts should occur.

**The parties believe that experts will be necessary, including the exchange of expert witness reports and information. The parties have proposed the timing of those expert disclosures, including their expert reports, in the above schedule.**

10. In class actions, appropriate procedures for dealing with Rule 23, Fed .R. Civ. P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

**Not applicable.**

11. Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.

**Plaintiff does not believe bifurcation is necessary or appropriate. The two primary issues in this case of breach and damages are inextricably intertwined and bifurcation of these issues would be ineffective.**

**Defendants intend to move for bifurcation of liability and damages discovery as early as the Court will allow. The extensive discovery sought by Plaintiff, requiring cumbersome protective orders, motion practice and in-depth expert analysis, is almost exclusively damages related. Defendant believes that the case can be resolved, or at least**

**significantly limited in scope, by addressing liability issues first, including but not limited to the enforceability, scope and/or meaning of the parties' understandings at issue.**

12. The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

**Although the parties believe the Court will have the best view of its calendar and will ultimately defer to the Court, the parties propose that the date for the pretrial conference be set for September 27, 2025.**

13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

**Plaintiff would prefer that the Court set a firm trial date.**

**Defendants prefer to set trial after the pretrial conference date.**

14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

**<u>Depositions and Interrogatories</u>:  Absent agreement of the parties to the contrary, Defendants and Plaintiff shall each be limited to no more than five (5) depositions and no more than twenty-five (25) interrogatories per side.**

**<u>Discovery Disputes</u>:  Counsel shall confer in good faith in an effort to resolve any discovery dispute. If counsel are unable to resolve the dispute, then they may file a discovery-related motion.**

Jointly submitted,


<u>/s/ *Eric Liebeler*</u>
Eric Liebeler (DC Bar No.: 1049148)*
Brandon R. Nagy (DC Bar No.: 1024717)
STINSON LLP
1775 Pennsylvania Ave., NW
Suite 800
Washington, D.C. 20006
Tel.: (202) 785-9100
Fax: (202) 572-9973
Email: eric.liebeler@stinson.com
brandon.nagy@stinson.com

Emily Bab Kirsch (*pro hac vice*)
KIRSCH & NIEHAUS, PLLC
150 E 58th Street, 22nd Floor
New York, NY 10155
Tel: 212-832-0170
Main: 917-744-2888
Email: emily.kirsch@kirschniehaus.com

*Counsel for Defendants*


/s/ *Thomas M. Craig*
Thomas M. Craig, D.C. Bar No. 494503
Kevin Byrnes, D.C. Bar No. 480195
Jessica D. Rabinowitz, D.C. Bar No. 1045132
**FH+H**
1751 Pinnacle Drive, Suite 1000
Tysons, Virginia 22102
T: (703) 590-1234
F: (703) 590-0366
tcraig@fhhfirm.com
kbyrnes@fhhfirm.com
jrabinowitz@fhhfirm.com

*Counsel for Plaintiff*