# PEX 47

April 21, 2020

Hi, Jim –

The operative agreements regarding my work for K&K on 9/11-related issues follow. Our conversation last Monday suggested that I should send this note to be sure we remain of one mind about the metes and bounds of our agreement. Specifically:

1. <u>The breadth of our Agreement – reaching all K&K fees attributable to 9/11 claims is stated clearly in the August 2017 Agreement</u>. Specifically, my fees include a portion of those received by K&K in respect of cases filed and settlements made but also a portion of <u>all fees</u> received by K&K "in cases...<u>to be filed or for which K&K is retained to file or otherwise provide services in connection with matters arising out of the [9/11] attacks</u>". (see August 2017 Agreement, para. 1-2).

   Para 2 of the same document reinforces the understanding that, in addition to fees for claims filed, I "shall also receive the same level of compensation for the representation of clients on whose behalf claims are not filed...but <u>who have retained [K&K]</u> to assist in recovering compensation...<u>through the filing of claims or otherwise</u> and who in fact receive a recovery with respect to which K&K receives a fee."

2. <u>This was not new.</u> In the May 19, 2017 Agreement, which adjusted my compensation by raising it up to 1% from the earlier level of 0.775%, we agreed on my entitlement to fees "on each wrongful death, injury or other claim" for which K&K receives a fee, "<u>whether by judgment, settlement or otherwise....</u>" And, there we explicitly <u>included fees paid to K&K from such other sources as PEC representations or "any common fund</u> the purpose of which is to award compensation to <u>other claimants</u> in the litigation. [This document also acknowledges "Quinn's important contribution to date to the litigation and to the enactment of JASTA."]

Jim, I raise these points because I'd like to avoid any misunderstanding about these matters. I'll be grateful if you will acknowledge the accuracy of my statements in this memo – particularly (a) the percentage amounts set forth in our 2017 contracts and (b) that I will receive a fee wherever K&K receives a fee in "connection with matters arising out of the 9/11 attacks." August 2018 Agreement, para. 1. Finally, I would appreciate knowing specifically where I stand with respect to my share of distributions from the <u>U.S. Victims of State-Sponsored Terrorism Fund</u>.

Thanks, Jim, and best regards,

Jack

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                                      QUINN_033346

# AMENDMENTS TO AGREEMENTS DATED MAY 19, 2017 BETWEEN JOHN M. QUINN, ESQ., THE LAW OFFICE OF JOHN M. QUINN, PLLC AND KREINDLER & KREINDLER LLP

The captioned agreements, relating to representation of clients in connection with the terrorist attacks on September 11, 2001 ("the attacks") and signed by the parties and dated May 19, 2017 (including both the "Initial JQ-K&K Agreement" as defined in the Agreement "Relating To New Claims and Additional Compensation," hereafter the "Additional Compensation" Agreement," and the Additional Compensation Agreement, collectively "the May 19 Agreements"), are hereby amended, effective upon signature of the parties hereto, as follows:

1. References in the May 19 Agreements the to "the litigation" contemplate and include the provision of services in cases filed, to be filed or for which Kreindler & Kreindler is retained to file or otherwise provide services in connection with matters arising out of the attacks;

2. In addition to the other bases for compensation, Quinn (as defined in the May 19 Agreements) shall receive compensation as specified in each of the May 19 Agreements for the representation of each client on whose behalf K&K has filed claims and receives fee and shall also receive the same level of compensation for the representation of clients on whose behalf claims are not filed in the litigation but who have retained K&K to assist in recovering compensation whether through the filing of claims or otherwise and who in fact receive a recovery with respect to which K&K receives a fee.

3. The Initial JQ-K&K Agreement is amended by adding the following sentence at the end of the Fourth Paragraph: "If, for any reason, Nelson, Mullins, Riley & Scarborough and/or Robert Crowe are unable or ineligible or otherwise fail to receive all or part of the fees contemplated by their contract with K&K, then such fees shall be paid to Quinn to the extent of the difference between the amount represented by 0.225 of the net recoveries contemplated by their contract with K&K and the amount actually received by them."

Accepted and agreed to by:

_____  
Kreindler & Kreindler LLP

By: James P. Kreindler, Esq.  
Dated: 8/8/17

_____  
John M. Quinn, Esq. and  
Law Office of John M. Quinn, PLLC  
By: John M. Quinn, Esq.  
Dated: 08/26/2017

# AGREEMENT BETWEEN KREINDLER & KREINDLER LLP, THE LAW OFFICE OF JOHN M. QUINN, PLLC, AND JOHN M. QUINN, ESQ. RELATING TO NEW CLAIMS AND ADDITIONAL COMPENSATION

This binding Agreement, effective nunc pro tunc, January 2, 2017, between or among Kreindler & Kreindler LLP and the Law Office of John M. Quinn, PLLC (a/k/a John M. Quinn, Esq.) (hereafter collectively "Quinn"), by their respective partners, James P. Kreindler, Esq. and John M. Quinn, Esq. extends and modifies the Agreement between the parties hereto made effective nunc pro tunc January 1, 2017 (hereafter "the Initial JQ-K&K Agreement"), a copy of which is annexed hereto as Exhibit "One." The terms of exhibit One are hereby expressly bound to and incorporated in this Agreement, and this Agreement shall be deemed bound and incorporated into the Initial JQ-K&K Agreement. As used herein, the term "the litigation" refers to cases and claims arising out of the terror attacks carried out on September 11, 2001 in New York City, NY, Arlington, VA and Shanksville, PA.

The purpose of this Agreement is to supplement the Initial JQ-K&K Agreement as follows:

In addition to the compensation set forth in the Initial JQ-K&K Agreement, K&K shall pay to Quinn a fee of 1% of the net recovery on each wrongful death, injury or any other claim for which K&K receives a fee, whether by judgment, settlement or otherwise, for its representation of clients on whose behalf K&K filed claims on or after July 10, 2014 or with respect to whom K&K is awarded fees by virtue of common benefit awards or participation in representation of other clients as a member of the plaintiffs' executive committee or through the operation of any common fund the purpose of which is to award compensation to other claimants in the litigation, *except that K&K shall not be obligated to pay a fee to Quinn* where and to the extent Quinn receives a fee in respect of the same claim pursuant to a separate fee-sharing agreement to which K&K and Quinn are parties.

The term "net recovery" shall mean the amount realized by each client less out-of-pocket costs to K&K and exclusive of legal fees paid to K&K. In the event the eventual attorneys' fees are reduced from the fees set forth in the K&K retainer agreements with K&K clients, then the Quinn fee shall be reduced in the same proportion represented by any reduction in the K&K fee.

**SIGNATURE PAGE FOLLOWS BELOW**

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER

QUINN_033348

Accepted and agreed to by:

_____
Kreindler & Kreindler

By: James P. Kreindler, Esq.

Date: 5-19-17

_____
Law Office of John M. Quinn

By: John M. Quinn, Esq.

Date: 05/19/2017

## AGREEMENT BETWEEN JOHN M. QUINN, ESQ. AND THE LAW OFFICE OF JOHN M. QUINN, PLLC, AND KREINDLER & KREINDLER LLP

The parties hereto acknowledge the agreement dated July 10, 2014 and annexed hereto as Exhibit "A" (henceforth the "Earlier Agreement") as the heretofore sole and governing agreement between John M. Quinn, Esq. (and his Law Office of John M. Quinn, PLLC) (hereafter collectively "Quinn") and Kreindler & Kreindler LLP (hereafter "K&K) relating to services rendered and to be rendered by Quinn to K&K in support of the representation by K&K of approximately 2000 clients who are plaintiffs in litigation whose claims were filed as of the Earlier Agreement (hereinafter the "Clients") in the Southern District of New York asserting wrongful death and personal injury causes of action relating to or arising out of the terrorist attacks that occurred on September 11, 2001 in New York, New York, Arlington, Virginia and Shanksville, Pennsylvania (hereafter "the litigation").

This binding Agreement, effective nunc pro tunc, January 1, 2017, extinguishes, supersedes and replaces, as set forth below, any and all prior agreements or understandings, whether in writing or otherwise, including but not limited to those dated in July, 2013 and the Earlier Agreement. This Agreement shall henceforth be the sole basis of any obligation by K&K to Quinn and the Law Office of John M. Quinn, PLLC arising in any connection with the litigation or the resolution of it. Modification of this Agreement, to be binding, may only be done in writing. A separate agreement also extinguishes, supersedes and modifies the Earlier Agreement with Nelson, Mullins, Riley & Scarborough, LLP and Robert Crowe, Esq.

Quinn will continue to serve as counsel to and advise K&K and Kreindler as requested or as Quinn deems advisable relating to the preservation of (or changes proposed to) the Justice Against Sponsors of Terrorism Act ("JASTA") and efforts to accomplish reasonable settlement or other resolution of the litigation. Quinn and the Law Office of John M. Quinn, PLLC will specifically provide a sustained effort, using and adhering to legal precedent, statutory requirements and lawful and appropriate government procedure to accomplish and make effective such advocacy and the expeditious and fair resolution of the subject claims. Quinn's important contribution to date to the litigation and to the enactment of JASTA is hereby acknowledged.

As compensation for his sustained effort in assisting and advising K&K and Kreindler, K&K agrees to pay to Quinn a fee of 0.775 percent (seventy-seven and one half basis points) of the net recovery on each decedent's wrongful death and each personal injury claim with respect to which K&K receives a fee, whether by judgment, settlement or otherwise, for its representation of the Clients on whose behalf it filed cases in the litigation as of the date of the Earlier Agreement.

The term "net recovery" shall mean the amount realized by each client less out-of-pocket costs to K&K and exclusive of legal fees paid to K&K. In the event the eventual attorneys' fees are reduced from the fees set forth in the K&K retainer agreements with K&K clients, then the

Quinn fee shall be reduced in the same proportion represented by any reduction in the K&K fee.

Accepted and agreed to by:

_____
Kreindler & Kreindler LLP

By: James P. Kreindler, Esq.
Date: 5-19-17

_____
John M. Quinn, Esq. and
Law Office of John M. Quinn, PLLC

By: John M. Quinn, Esq.
Date: 05/19/2017

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
QUINN_033351