# DEX B

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SUSANNA QUINN, personal representative, of the Estate of John M. Quinn<br><br>*Plaintiff,*<br><br>v.<br><br>KRIENDLER & KRIENDLER LLP, *et al.*<br><br>*Defendants.* | Case No. 1:21-cv-01824-RDM |

**DECLARATION OF NOAH H. KUSHLEFSKY**

Noah H. Kushlefsky, pursuant to 28 U.S.C. §1746, hereby declares under penalty of perjury:

1. I am a member of the Bars of the States of New York and New Jersey and a partner of the defendant law firm, Kreindler & Kreindler, LLP (the "Kreindler Firm"). I submit this declaration in support of Defendants' Cross-Motion for Partial Summary Judgment and Opposition to Plaintiff Quinn's Motion for Summary Judgment. The facts set forth below are based on my personal knowledge except where indicated otherwise, in which case they are based on information and belief.

2. I joined the Kreindler Firm in 1987, and I have been a partner since 1996.

3. I run the practice group at the Kreindler Firm that represents people who have been diagnosed with physical illnesses caused by toxic exposure in the aftermath of the September 11, 2001 terror attacks. I am the only lawyer at the firm in this practice group. My practice group represents clients making claims to the September 11th Victim Compensation Fund (the VCF). The original VCF was created by an Act of Congress less than two weeks after

the terror attacks as an alternative to litigation to provide compensation to the families of those killed and others who were injured on September 11th. The original VCF closed in 2004. The Kreindler firm represented the families of approximately 500 of the 2,996 people killed that day. I personally worked with more than 150 families as their representative in the original VCF.

4. In the years after September 11th, people who were exposed to the toxic dust caused by the collapse of the World Trade Center began experiencing a variety of serious health issues which were attributed to that exposure. As of January 2, 2011, Congress amended the original VCF statute from 2001 and the VCF was re-opened.[1] Eligibility for the original VCF required that death or physical injury occurred on 9/11. In 2010, the 2001 statute was amended to simply change the eligibility section and include a constellation of specific illnesses based on specific exposure hours in lower Manhattan, the Pentagon and Shanksville, PA.

5. The reopening of the VCF in 2011 was a result of intense lobbying efforts of a small group of advocates, most of whom represented labor unions whose members were sickened at ground zero in the days and months after 9/11. I am familiar with most of the advocates and politicians who were instrumental in getting the VCF reopened. Jack Quinn was not among that group, and to my direct knowledge had no role in reopening the VCF.

6. After the VCF was reopened, based on my work on the original VCF, I was contacted by and asked to meet with Sheila Birnbaum, who was appointed as Special Master of the Fund. In our meeting, which occurred before the Fund reopened, we discussed logistical issues presented by the new legislation. The new VCF had limited funding. $2.885 billion dollars was allocated to the VCF and it was to run for only five years. As a result, the plan was

[1] I am aware that in his lawsuit, Plaintiff Quinn makes claims only to the reauthorized VCF and refers to it as the "VCF2".

to issue full award letters but only pay 10% of the award to ensure that the funds allocated lasted the full five years. At the conclusion of five years, after the fund closed in 2016, claimants would receive a proportional share of the remaining balance.

7. After the reauthorization statute was passed in 2010 and before the VCF reopened in 2011, I and another attorney were approached by a firm that represented first responders because of, among other things, our experience in the original VCF. We were asked to represent that firm's clients in the VCF. The Kreindler Firm then assumed the representation of approximately 3,000 people who have been involved in the WTC litigation. Jack Quinn played no role in any of this.

8. Between 2011 and 2015 there were intense lobbying efforts by unions, advocacy groups, and attorneys representing claimants to fully fund the VCF and to extend it beyond its statutory five-year life. People who were in the exposure zone in the aftermath of September 11th were going to continue getting sick. Over that period busloads of sick claimants, lawyers and advocates traveled to Washington, DC and met with senators and representatives seeking to extend the life of the VCF and fully fund awards. I personally made several of those trips and regularly met and strategized with the leaders of those efforts. The Kreindler Firm also contributed substantially to funding the trips. To my direct knowledge, Jack Quinn had no role in these lobbying efforts.

9. In December 2015, our efforts paid off and Congress reauthorized the VCF for five more years, requiring that claimants who received only 10% of their awards be fully compensated and allowing individuals to submit claims until December 18, 2020. This was a small victory for those of us working to keep the VCF open. The latency period for many of the 9/11 related cancers extend well beyond 2020, so once again, beginning in about 2017, we

resumed our trips to Washington, DC to lobby. Again, Jack Quinn had no role in these efforts. I was again heavily involved in this campaign and never heard his name mentioned in relation to the Victim Compensation Fund.

10. By February 2019, it became clear that that funding was insufficient to compensate the number of claims pending and additional claims expected to be filed in the VCF. The VCF made the decision to slash awards by up 50 percent in order to preserve the available funding.

11. Again, our intense lobbying was successful, partially due to the efforts of John Stewart, the host of the Daily Show, who made it his mission to shame politicians into advancing a bill to make the VCF permanent and fully funded. On July 29, 2019, the president signed the Never Forget the Heroes: James Zadroga, Ray Pfeifer, and Luis Alvarez Permanent Authorization of the September 11th Victim Compensation Fund. The VCF Permanent Authorization Act extends the VCF's claim filing deadline from December 18, 2020, to October 1, 2090, and appropriates such funds as may be necessary to pay all eligible claims. Jack Quinn played no role in this effort.

12. Beginning in 2011 with the reopening of the Victim Compensation Fund, the Kreindler Firm assembled a large team to properly represent the 3,000 plus original clients and to attract and represent people who were being diagnosed the dozens of cancers and respiratory illnesses covered by the VCF. The Kreindler Firm's VCF practice is entirely separate from our litigation practice, including the terror group which litigates the case against the Kingdon of Saudi Arabia ("KSA").

13. The Kreindler Firm employs 34 paralegal/case managers who work exclusively on filing claims with the VCF. The firm also hired an in-house marketing and legal advertising

expert who dedicates about 75% of his time to marketing for VCF cases. Our VCF practice has several dedicated websites, email addresses and telephone numbers which are separate from the firm's other practice areas. There is a four-person intake team which solely responds to VCF related inquiries and registers new clients for the VCF. The team also has two paralegals dedicated to probate and surrogate court work in death claims related to 9/11 toxic exposure. This is a service we provide free of charge and is included in the modest 10% statutory fee for VCF claims. As noted, I am the only attorney in the firm in the VCF practice.

14. The Kreindler Firm currently represents about 11,000 claimants and is retained for approximately 5-15 new cases every week because people who were in the exposure zone in the aftermath of the attacks are still being diagnosed with eligible illnesses and cancers. Notably, these representations are not finite and do not end with a single application or transaction. Once we represent a client in the VCF the claim is never over until the client passes away. Claims can be amended for new eligible injuries, for new disability and for death if the death is related to a 9/11 exposure eligible condition. So, when I say that we represent over 11,000 claimants, these are all active files.

15. I can estimate the man hours each year that the Kreindler Firm VCF team dedicates to this practice alone, excluding my own time and marketing. We have 40 people working full-time. Assuming a 35-hour work week for 48 weeks per year, the firm dedicates a minimum of 67,200 hours per year exclusively for the VCF, not including overtime. Multiply that by the fourteen years since our VCF practice was reopened, and the firm has spent close to one million hours working with VCF claimants. Jack Quinn has not devoted one man hour to that practice.

16. The existence of the VCF and its availability to people in the three September 11th exposure zones (the World Trade Center, The Pentagon and Shanksville, PA) since its reopening in 2011 has been extremely well publicized. There are about a dozen law firms with large VCF practices that consistently advertise on the internet, television and radio. Most firms advertise in states where there are expected to be a lot of people with potential claims. These include the New York metropolitan area, Washington, DC., Virginia, North Carolina and Florida. The VCF and World Trade Center Health Programs have also engaged in extensive outreach programs, especially during periods when the VCF was threatened with closing (2013-2015 and 2018-2019). *See* September 11th Victim Compensation Find 20th Anniversary Special Report, submitted herewith as DEX d..

17. Over the past 14 years I have dedicated myself to our VCF practice. I have met with the Special Master of the VCF and staff from the Special Master's Office dozens of times. Over the years, I have travelled to Washington with groups of first responders and advocates to expand funding and eligibility for the VCF. I have met with the New York Congressional Delegation advocating for responders and residents of lower Manhattan. Throughout all those efforts, I have never met or spoken to plaintiff Jack Quinn and have never heard his name mentioned in the context of the September 11th Victim Compensation Fund. I am deeply familiar with the processes that reopened the VCF in 2011, reauthorized in 2015 and made it permanent in 2019. I know the advocates and politicians who worked tirelessly to make it happen. To my knowledge Jack Quinn had absolutely no role in those efforts. I also know with absolute certainty that he had no role and has provided no services with respect to the Kreindler Firm's VCF practice.

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: November 14, 2024
New York, New York

Noah Kushlefsky